IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES LIFE INSURANCE )
COMPANY OF AMERICA IN THE CITY )
OF NEW YORK, )
       )
   Plaintiff, )
       )
v. )  CV 3:07CV1071-WKW
       )
RONNIE JAMES HERRING, MD, )
       )
   Defendant. )

**COMPLAINT FOR DECLARATORY JUDGMENT,
BREACH OF CONTRACT/RECISSION AND FRAUD**

**Parties and Jurisdiction**

1.    Plaintiff, United States Life Insurance Company of America in the City of New York (United States Life), is a New York corporation with its principal place of business in Neptune, New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), United States Life is a citizen of the State of New York. As a result, United States Life is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress.

2.    Defendant, Ronnie James Herring, MD, is a resident of Lee County, Alabama.

3.    The matter in controversy exceeds, exclusive of interest and costs, Seventy-Five Thousand Dollars ($75,000.00). Jurisdiction is based on diversity of citizenship and the amount in controversy, 28 U.S.C. § 1332, and on the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

**General Allegations**

4.    On or about August 24, 2001, Defendant submitted a written application for

01547175.1

Disability Income Policy Certificate Number 9500161094. Under the terms of the certificate, the monthly benefit was $6,700 lasting until the Defendant turned sixty-five, or in this case 20 years.[1] (Exhibit A.) Accordingly, the amount in controversy in this case is in excess of $75,000.00.

     5.    In his written application, Defendant made certain representations concerning his past medical condition, history, treatment and diagnosis. (Exhibit B.)

     6.    As stated on the Schedule Page of Certificate Number 9500161094, the Policy date was November 1, 2001. The Policy further provides that *inter alia,* fraudulent misstatements in the application may be used to void the Policy.

     7.    Defendant filed a claim for benefits in March, 2007. (Exhibit C.)

     8.    United States Life subsequently received information confirming that Defendant had made several material misrepresentations and omissions in his insurance application to United States Life relating to his past medical history, treatment, diagnosis and condition.

     9.    Had Defendant disclosed in his application to United States Life complete and true information regarding his past medical history, treatment, diagnosis and condition, United States Life would not have issued the Policy.

     10.    On December 6, 2007 United States Life informed Defendant that it was denying his claim for benefits. (Exhibit D.) Contemporaneous with the mailing of the denial letter, United States Life sent Defendant a check in the amount of $13,513.54, representing the premiums paid under the policy to date.

### Count 1 - Declaratory Judgment

     11.    United States Life realleges and fully incorporates herein by reference all prior allegations contained in this Complaint.

     12.    An actual controversy exists between the parties making this a justiciable issue. United States Life contends that it was entitled, under the terms of the Policy, to rescind the

---

[1] Out of privacy concerns, United States Life will file under separate cover under seal, copies of the policy, application, and application for benefits.

Policy and to refund to Defendant all premiums paid on the Policy to date.

13. United States Life seeks a declaration of the rights of United States Life with respect to the Policy. Specifically, United States Life is entitled to a judgment from the Court declaring that, based upon the material misrepresentations and omissions made by Defendant in his policy application, United States Life properly rescinded Policy Certificate Number 9500161094.

## Count II - Breach of Contract/Recission

14. United States Life realleges and fully incorporates herein by reference all prior allegations in the Complaint.

15. The Policy and the Defendant's policy application constitute a contract between United States Life and Defendant.

16. By making material misrepresentations and omissions on his Policy application, Defendant breached his contract with United States Life.

17. As a direct and proximate result of Defendant's breach of contract, United States Life was entitled to rescind Policy Certificate Number 9500161094 and to recover any direct and consequential damages incurred as a result of Defendant's breach.

## Count III - Fraud

18. United States Life realleges and fully incorporates herein by reference all prior allegations contained in this Complaint.

19. Defendant knowingly and intentionally made false representations and omissions to United States Life relating to his past medical history, treatment, diagnosis and condition.

20. United States Life reasonably and justifiably relied on the truth of the Defendant's representations by issuing the Policy.

21. As a direct and proximate result of such false representations and omissions, United States Life was entitled to rescind Policy Certificate Number 9500161094 and to recover the direct and consequential damages incurred.

WHEREFORE, Plaintiff, United States Life, prays for a judgment against Defendant as

01547175.1

follows:

(a) For a judgment from the Court declaring that, based upon the material misrepresentations and omissions made by Defendant in his Policy application, United States Life was entitled to rescind Policy Certificate Number 9500161094;

(b) For direct and consequential damages in an amount to be proved at trial;

(c) For such other relief as the Court deems just and appropriate.

Dated this 7th day of December, 2007.

*Grace L. Kipp*

Michael D. Mulvaney
Thomas J. Butler
Grace L. Kipp
Attorneys for Plaintiff United States Life

OF COUNSEL
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, Alabama 35203-2618

01547175.1

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing pleading has been served upon the following listed persons by CERTIFIED MAIL, this the 7th day of December, 2007.

**Ronnie James Herring, MD**
**3100 Lafayette Parkway**
**Opelika, Alabama 36801**

                                                            /s/ Grace L. Kipp
                                                          OF COUNSEL

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001453
Cashier ID: brobinso
Transaction Date: 12/07/2007
Payer Name: MAYNARD COOPER GALE
------------------------------------
CIVIL FILING FEE
 For: MAYNARD COOPER GALE
 Case/Party: D-ALM-3-07-CV-001071-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 1081699
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```





PLAINTIFF'S EXHIBIT

December 6, 2007

Ronald J. Herring, M.D.
3100 Lafayette Pkwy.
Opelika, Al 36801-2320

Re:  AMA-Sponsored Policy: G208475
     Certificate Number: 9500161094

Dear Mr. Herring:

We have completed our review of your claim for benefits under your disability policy. I am sorry to inform you, however, that we must deny your claim because of information we discovered during our investigation. If you have any questions, please feel free to call me at any time.

In applying for disability coverage, you completed a written application dated August 8, 2001. Based on that application, United States Life issued AMA-Sponsored Policy G208475, which became effective November 1, 2001. A copy of the application is enclosed. In response to your claim for disability benefits, we requested access to your medical records to process your claim. Those records revealed that you made several misrepresentations when completing your application including:

(1)   Question 2(l) asked: "Have you ever had or been treated for [m]ental or emotional problem[s] requiring [the] help of a physician or psychologist." You responded "no." Nevertheless, your medical records indicate that you have suffered from depression and anxiety for years, and have been treated with both counseling and various types of antidepressant drugs throughout your adult life. Accordingly, you had "been treated for [m]ental or emotional problem[s] requiring [the] help of a physician or psychologist" well before you made a representation to the contrary in your August 8, 2001 application.

(2)   Question 3 asked: "Have you ever had treatment by, or consultation with, any hospital, institution, physician or practitioner within the past 5 years." You answered "yes," and then as requested gave details of the treatments you received during that five-year period. You disclosed three events (a herniated disc, a lumbar fusion, and

**American General Life Companies, LLC**
AIG Benefit Solutions ℠

Distributing products issued by: AIG Life Insurance Company*, American General Assurance Company*,
American General Indemnity Company*, American General Life Insurance Company*,
American International Life Assurance Company of New York, Delaware American Life Insurance Company*,
The United States Life Insurance Company in the City of New York
*Member companies of American International Group, Inc.*

3600 Route 66 • Neptune, NJ 07753 • 732.922.7000 • www.aigbenefitsolutions.com
*This company does not solicit business in New York.

Page 2
AMA

two surgeries), but you failed to disclose that you suffered from, and had undergone extensive testing and treatment for, Narcolepsy since 1998. Furthermore, you admitted in a post-claim processing form that your disability was Narcolepsy and that you were first treated for the condition in 1998. Thus, your extensive medical records and your own admission make clear that you failed to disclose that you suffer from Narcolepsy and had suffered from the condition for, at the very least, four years prior to completing your application.

The application form contained an "Authorization and Declaration of Person Giving a Statement of Insurability," which you agreed to by signing the document. That declaration specifically stated: "[t]o the best of my knowledge and belief, all the statements made above are true and complete," and "I understand that this information will be used by United States Life to determine eligibility for insurance." Additionally, there was an "Important Notice" just above the signature block of the application which provided: "Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which may be a crime."

As evidenced by both the "Authorization and Declaration" and "Important Notice," the questions asked on the application form were critical in determining your insurability. Had our underwriters been aware of the reality of your medical condition and medical history, United States Life would have declined to issue the disability coverage. Although your policy contained a contestability clause, which provided that "United States Life will not use a person's statements, except for fraudulent misstatements, relating to his insurability to contest insurance after it has been in force for 2 years during his life," your material misrepresentations constitute fraudulent misstatements and fall outside the bounds of the clause.

In view of these misrepresentations, the company deems that no insurance ever became effective and we must now void the policy as of the date it was issued. We have enclosed a check payable to you in the amount of $13,513.54 which is a full refund of all premiums paid under the policy.

We have made this decision after a careful review of all the facts known to us. If, however, there is other information or additional considerations that you believe we should take into account, please send it to us, in writing, as soon as possible. We will immediately reconsider our decision in light of this additional

Page 3
AMA

information and will respond to you as soon as possible. We realize that our investigation has taken considerable time; however, we wanted to be thorough, detailed, and accurate.

By pointing out this information, United States Life does not waive any other right or defense it may have under the policy or under law. United States Life reserves its rights to consider and rely upon additional facts and reasons, known and unknown, as appropriate.

Please feel free to call or write if you have any questions. My direct phone number is 732 922-7016.

Sincerely,

George Ashmore
Director Life & Disability Claims