## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

UNITED STATES LIFE INSURANCE      )     2007 DEC -7  P 1: 35
COMPANY OF AMERICA IN THE CITY    )
OF NEW YORK,                      )     DEBRA P. HACKETT. CLK
                                        U.S. DISTRICT COURT
      Plaintiff,                  )     MIDDLE DISTRICT ALA
                                  )
v.                                )     CV 3:07 CV1071 -WKW
                                  )
RONNIE JAMES HERRING, MD,         )
                                  )
      Defendant.                  )

### UNITED STATES LIFE'S MOTION FOR LEAVE TO FILE
### CERTAIN EXHIBITS UNDER SEAL

Comes now plaintiff United States Life Insurance Company of America in the City of

New York (United States Life) and moves this Honorable Court to place Exhibits A, B and C to

Plaintiff's Complaint for Declaratory Judgment under seal. As grounds for this motion, United

States Life states as follows:

     1.     Exhibit A to Plaintiff's Complaint for Declaratory Judgment is Defendant's

Disability Income Policy Certificate Number 9500161094.

     2.     Exhibit B to Plaintiff's Complaint for Declaratory Judgment is Defendant's

written application for Disability Income Policy Certificate Number 9500161094.

     3.     Exhibit C to Plaintiff's Complaint for Declaratory Judgment is Defendant's

written application for benefits under Disability Income Policy Certificate Number 9500161094.

     4.     These three documents contain personal information including Defendant's social

security number and details regarding his health history.

     5.     The documents have been filed contemporaneously with this motion and with

Plaintiff's Complaint for Declaratory Judgment in a sealed enveloped marked "United States Life v. Herring."

WHEREFORE, United States Life moves this Honorable Court to place Exhibits A, B and C to its Complaint for Declaratory Judgment under seal.

_Grace L Kipp_

Michael D. Mulvaney
Thomas J. Butler
Grace L. Kipp
Attorneys for Plaintiff United States Life

OF COUNSEL
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, Alabama 35203-2618

01575592.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon the following listed persons by CERTIFIED MAIL, this the 7th day of December, 2007.

**Ronnie James Herring, MD**
**3100 Lafayette Parkway**
**Opelika, Alabama 36801**

_____
OF COUNSEL

01575592.1





December 6, 2007

Ronald J. Herring, M.D.
3100 Lafayette Pkwy.
Opelika, Al 36801-2320

Re:     AMA-Sponsored Policy: G208475
        Certificate Number: 9500161094

Dear Mr. Herring:

        We have completed our review of your claim for benefits under your disability policy. I am sorry to inform you, however, that we must deny your claim because of information we discovered during our investigation. If you have any questions, please feel free to call me at any time.

        In applying for disability coverage, you completed a written application dated August 8, 2001. Based on that application, United States Life issued AMA-Sponsored Policy G208475, which became effective November 1, 2001. A copy of the application is enclosed. In response to your claim for disability benefits, we requested access to your medical records to process your claim. Those records revealed that you made several misrepresentations when completing your application including:

        (1)     Question 2(l) asked: "Have you ever had or been treated for [m]ental or emotional problem[s] requiring [the] help of a physician or psychologist." You responded "no." Nevertheless, your medical records indicate that you have suffered from depression and anxiety for years, and have been treated with both counseling and various types of antidepressant drugs throughout your adult life. Accordingly, you had "been treated for [m]ental or emotional problem[s] requiring [the] help of a physician or psychologist" well before you made a representation to the contrary in your August 8, 2001 application.

        (2)     Question 3 asked: "Have you ever had treatment by, or consultation with, any hospital, institution, physician or practitioner within the past 5 years." You answered "yes," and then as requested gave details of the treatments you received during that five-year period. You disclosed three events (a herniated disc, a lumbar fusion, and

**American General Life Companies, LLC**
AIG Benefit Solutions [SM]

Distributing products issued by: AIG Life Insurance Company*, American General Assurance Company*,
American General Indemnity Company*, American General Life Insurance Company*,
American International Life Assurance Company of New York, Delaware American Life Insurance Company,
The United States Life Insurance Company in theCity of New York
*Member companies of American International Group, Inc.*

3600 Route 66 • Neptune, NJ 07753 • 732.922.7000 • www.aigbenefitsolutions.com
*This company does not solicit business in New York.*

Page 2
AMA

two surgeries), but you failed to disclose that you suffered from, and had undergone extensive testing and treatment for, Narcolepsy since 1998. Furthermore, you admitted in a post-claim processing form that your disability was Narcolepsy and that you were first treated for the condition in 1998. Thus, your extensive medical records and your own admission make clear that you failed to disclose that you suffer from Narcolepsy and had suffered from the condition for, at the very least, four years prior to completing your application.

The application form contained an "Authorization and Declaration of Person Giving a Statement of Insurability," which you agreed to by signing the document. That declaration specifically stated: "[t]o the best of my knowledge and belief, all the statements made above are true and complete," and "I understand that this information will be used by United States Life to determine eligibility for insurance." Additionally, there was an "Important Notice" just above the signature block of the application which provided: "Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which may be a crime."

As evidenced by both the "Authorization and Declaration" and "Important Notice," the questions asked on the application form were critical in determining your insurability. Had our underwriters been aware of the reality of your medical condition and medical history, United States Life would have declined to issue the disability coverage. Although your policy contained a contestability clause, which provided that "United States Life will not use a person's statements, except for fraudulent misstatements, relating to his insurability to contest insurance after it has been in force for 2 years during his life," your material misrepresentations constitute fraudulent misstatements and fall outside the bounds of the clause.

In view of these misrepresentations, the company deems that no insurance ever became effective and we must now void the policy as of the date it was issued. We have enclosed a check payable to you in the amount of $13,513.54 which is a full refund of all premiums paid under the policy.

We have made this decision after a careful review of all the facts known to us. If, however, there is other information or additional considerations that you believe we should take into account, please send it to us, in writing, as soon as possible. We will immediately reconsider our decision in light of this additional

Page 3
AMA

information and will respond to you as soon as possible. We realize that our investigation has taken considerable time; however, we wanted to be thorough, detailed, and accurate.

By pointing out this information, United States Life does not waive any other right or defense it may have under the policy or under law. United States Life reserves its rights to consider and rely upon additional facts and reasons, known and unknown, as appropriate.

Please feel free to call or write if you have any questions. My direct phone number is 732 922-7016.

Sincerely,

George Ashmore
Director Life & Disability Claims