**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES LIFE INSURANCE COMPANY OF AMERICAN IN THE CITY OF NEW YORK, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )  CASE NO: CV-1071<br>) |
| RONNIE JAMES HERRING, M.D., | )<br>) |
| Defendant. | ) |

**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Defendant, Ronnie James Herring, M.D., by and through undersigned counsel, and hereby submits his Answer to each numbered paragraphs set forth in Plaintiff's Complaint for Declaratory Judgment and in support thereof states the following:

1. Admitted to the best of Defendant's knowledge.

2. Admitted.

3. Admitted.

4. Admitted to the best of Defendant's knowledge.

5. Admitted.

6. Admitted to the best of Defendant's knowledge.

7. Admitted to the best of Defendant's knowledge.

8. Denied.

9. Denied.

10. Admitted to the best of Defendant's knowledge.

11. Denied and/or admitted as set forth above.

12.   Denied.

13.   Denied.

14.   Denied and/or admitted as set forth above.

15.   Admitted.

16.   Denied.

17.   Denied.

18.   Denied and/or admitted as set forth above.

19.   Denied.

20.   Denied.

21.   Denied.

The Defendant further denies the Plaintiff's unnumbered paragraph beginning with "Wherefore" and denies that the Plaintiff is entitled to any relief whatsoever in the above styled and numbered cause of action.

**Having answered the Plaintiff's Complaint, paragraph by paragraph, the Defendant would now affirmatively state:**

1.    That the above styled and numbered cause has been instituted by the Plaintiff in an attempt to avoid a legal obligation to pay insurance proceeds from an insurance policy taken out by the Defendant. That the insurance policy is legally binding against the Plaintiff and there is a significant amount of money due to the Defendant in insurance proceeds.

2.    That the Plaintiff's cause of action has not been instituted in good faith, that the Plaintiff is seeking to avoid a debt and that the Defendant has had to incur attorney's fees and other expenses as a result of the Plaintiff's conduct. As a result, the Defendant is

entitled to reasonable attorney's fees and other expenses.

3.  That the Defendant hereby respectfully reserves the right to amend this answer and set forth additional legal and/or equitable defenses to the above styled and numbered cause of action.

4.  That there were no material misrepresentations made by the Defendant in the procurement of said insurance policy(ies) as alleged by the Plaintiff.

## GENERAL DENIAL

Defendant denies each and every allegation not expressly denied herein and denies that Plaintiff is entitled to any recovery whatsoever.

## AFFIRMATIAVE DEFENSES

### FIRST DEFENSE

Venue is improper in this forum.

### SECOND DEFENSE

Plaintiff lacks standing to bring this action against Defendant.

### THIRD DEFENSE

Plaintiff did not reasonably rely on any alleged representations supposedly made by Defendant.

### FOURTH DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### FIFTH DEFENSE

Plaintiff's own negligence and/or wantonness caused and/or contributed to Plaintiff's alleged injuries.

**SIXTH DEFENSE**

Plaintiff's claims are barred by accord and satisfaction.

**SEVENTH DEFENSE**

Plaintiff's claims are barred by the equitable "unclean hands" doctrine.

**EIGHTH DEFENSE**

Plaintiff's claims are barred because Plaintiff assumed the risk.

**NINTH DEFENSE**

Plaintiff's claims are due to be dismissed for lack of subject matter and/or diversity jurisdiction.

**TENTH DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**COUNTERCLAIM ONE**

1. On or about November 1, 2001, Defendant entered into an insurance contract with the Plaintiff by purchasing and maintaining an "own occupation" disability insurance policy (Certificate No.: 9500161094) from Plaintiff in Lee County, Alabama, based upon the representation by the Plaintiff that said policy of insurance would provide insurance proceeds to the Defendant in the event the Defendant ever became disabled and unable to perform the duties of his "own occupation."

2. Defendant reasonably relied upon the representations made by the Plaintiff and purchased and maintained said disability insurance policy from the Plaintiff.

3. Defendant subsequently became disabled and unable to perform the duties of his "own occupation" and filed a claim for insurance benefits with the Plaintiff.

4. On or about December 6, 2007, Plaintiff manufactured a reason not to pay Defendant's claim for insurance benefits and used said manufactured reason to deny Defendant's claim for disability insurance benefits.

5. The representations made by the Plaintiff that Plaintiff would provide insurance proceeds to the Defendant in the event the Defendant ever became disabled and unable to perform the duties of his "own occupation" were false and Plaintiff knew they were false.

6. As a proximate consequence of Plaintiff's conduct, Defendant was injured and damaged as follows: Defendant paid premiums on a policy that was not as promised; Defendant lost the value of his premium payments; Defendant lost interest of his premium payments; Defendant does not have the policy of insurance that was promised to him; Defendant refrained from seeking other disability coverage that would have provided him with disability benefits in the event he became disabled; Defendant has suffered mental anguish and emotional distress and will continue to do so; and Defendant has otherwise been damaged.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNTERCLAIM TWO

7. Defendant realleges all prior paragraphs of Counterclaim One as if set out here in full.

8. At all times herein, Plaintiff failed to disclose to Defendant that said disability coverage insurance policy would not pay as promised and that Plaintiff would have to meet conditions other than the conditions set forth in the insurance policy before he would be entitled to insurance benefits.

9. As a result of Plaintiff's failure to disclose the above stated facts and information,

Defendant changed his position and purchased said policy of insurance, began paying the necessary premiums to keep said policy in force and refrained from seeking other disability insurance coverage.

10. As a proximate consequence of Plaintiff's failure to disclose information and facts about said insurance policy, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNTERCLAIM THREE

11. Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

12. At the aforesaid time and place, Plaintiff innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed the material information and facts.

13. As a proximate consequence, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNTERCLAIM FOUR

14. Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

15. Plaintiff negligently and/or wantonly failed to procure the insurance coverage promised to Defendant.

16. As a proximate consequence to Plaintiff's failure to procure the insurance promised, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

### COUNTERCLAIM FIVE

17. Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

18. Plaintiff breached its contract with Defendant.

19. As a proximate consequence, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

### COUNTERCLAIM SIX

20. Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

21. At all times material herein, Plaintiff was under a duty to use good faith in handling Defendant's claim.

22. Plaintiff has intentionally and in bad-faith failed and refused to pay benefits due under the above stated policy of insurance by manufacturing a reason not to pay said benefits.

23. As a proximate consequence of Plaintiffs refusal to pay, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNTERCLAIM SEVEN

24. Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

25. Plaintiff has intentionally and in bad-faith failed to fully investigate Defendant's claim.

26. As a proximate consequence of Plaintiff's refusal to pay, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## JURY DEMAND

**DEFENDANT HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.**

Respectfully submitted, this the 28th day of December, 2007.

   //Christopher E. Sanspree//
CHRISTOPHER E. SANSPREE (SAN048)
Attorney for Plaintiff

OF COUNSEL:

**SANSPREE & McRIGHT, LLC**
603 Martha Street
Montgomery, Alabama 36104
(334) 262-1001
(334) 262-1002 facsimile

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing upon all counsel for the Defendants as listed below by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this the 28th of **December, 2007**.


Mr. Michael D. Mulvaney
Mr. Thomas J. Butler
Ms. Grace L. Kipp
**MAYNARD, COOPER & GALE**
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL  35203-2618

                                                 ___//Christopher E. Sanspree//_____
                                                 OF COUNSEL