## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES LIFE INSURANCE ) | |
| COMPANY OF AMERICA IN THE ) | |
| CITY OF NEW YORK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV : 3:07-cv-01071-WKW |
| ) | |
| RONNIE JAMES HERRING, MD, ) | |
| ) | |
| Defendant. ) | |

## REPORT OF PARTIES' PLANNING MEETING

1.  Pursuant to Fed.R.Civ.P. 26(f), a planning meeting was held on **January 25, 2008** by phone with the following parties participating in said planning meeting:

    Grace L. Kipp on behalf of Plaintiff United States Life Insurance Company of America in the City of New York (U.S. Life); and Christopher E. Sanspree on behalf of Defendant Ronnie James Herring, M.D.

2.  **Pre-discovery Disclosures**: The parties will exchange the information required by Fed.R.Civ.P 26(a)(1) on or before **February 22, 2008**.

01576724.1

3.    **General Claims/Defenses**: The general claims and defenses of the parties

are as follows:

    a.    U.S. Life asserts that it rightfully rescinded Defendant's disability insurance policy based on multiple omissions and misrepresentations made on his application for insurance. Defendant materially and fraudulently misrepresented his medical condition on his application, failing to disclose, among other things, that he has suffered from and been treated for Narcolepsy since at least 1998—three years prior to applying for the insurance policy at issue. Thus, at the time he applied for coverage, Defendant was fully aware that he had Narcolepsy—the alleged disabling condition. U.S. Life detrimentally relied on Defendant's fraudulent representations regarding his health when it issued the policy. Therefore, rescission was proper.

    b.    Defendant denies that Plaintiff U.S. Life rightfully denied Defendant's claim for disability benefits and rescinded Defendant's disability insurance policy with the Plaintiff and denies any omissions or making any misrepresentations on Defendant's insurance policy application. (Denial letter, Exhibit "A"). Defendant denies that he made any material and/or fraudulent misrepresentations regarding his medical conditions or that he failed to disclose that he suffers from Narcolepsy. Defendant denies that Plaintiff U.S. Life detrimentally and/or reasonably relied on any alleged fraudulent misrepresentations regarding Plaintiff's health conditions. Defendant asserts, among other things, that Plaintiff U.S. Life made material misrepresentations and suppressed material facts regarding Defendant's insurance coverage he was purchasing, fraudulently suppressed conditions precedent to payment of benefits, breached its insurance contract with the Defendant and wrongfully and in bad faith denied Defendant's claim for disability benefits. (Answer, Exhibit "B")

4.    **Discovery Plan**: Plaintiff and Defendant jointly propose to the court the

following discovery plan.

    a.    **Topics**: Discovery will be needed on the following subjects:

(i.)   The allegations and claims of Plaintiff's Complaint and Defendant's counterclaims;

(ii.)   All alleged damages;

(iii.)  All defenses raised in this matter.

b.    All discovery will be commenced in time to be completed by **July 23, 2008**.

c.    **Electronically Stored Information**: The parties do not reasonably anticipate that discovery of electronically stored information will be available and/or sought in this case. Disclosure or discovery of any such information will be handled in accordance with the Federal Rules of Civil Procedure.

d.    Maximum of **30** interrogatories, including subparts, by each party to any other party without prior approval of the Court. Maximum of **30** requests for production, including subparts, by each party to any other party without prior approval of the Court. Maximum of **30** requests for admission, including

subparts, by each party to any other party with prior approval of the Court. (Responses due **30** days after service).[1]

e.  Maximum of **5** depositions by Plaintiff and **5** depositions for Defendants without prior approval of the Court. Each deposition is limited to a maximum of **8** hours unless extended by agreement of the parties.

f.  Reports from retained experts under Rule 26(a)(2) due:

　　(i.)  from **Plaintiff** by May 23, 2008

　　(ii.)  from **Defendant** by June 23, 2008

g.  Supplementation under Rule 26(e) due immediately upon obtaining knowledge of the discoverable information but no later than **90 days** before trial.

5.  **Other items.**

a.  The parties do not request a conference with the Court prior to entry of the Scheduling Order.

b.  The parties should be allowed until **April 23, 2008** to join additional parties and to amend the pleadings, and until **May 23, 2008** to respond to any above-mentioned amendments.

---

[1] The parties agree that the thirty-day response period for Defendant's First Set of Interrogatories and Request for Production, served on Plaintiff January 10, 2008, will begin to run upon the filing of this report.

c.    All potentially dispositive motions should be filed by **August 23, 2008**.

d.    The parties are currently in the early stages of settlement negotiations. The parties may seek the Court's assistance with mediation if settlement negotiations fail.

e.    The Parties request a final pretrial conference **30 days** after the Court rules on any dispositive motions.

f.    Final lists of trial evidence under Rule 26(a)(3), both witnesses and exhibits, should be due from Plaintiff and Defendant **30 days** prior to trial.

g.    Parties should have **14** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

h.    This case should be ready for trial by **September 2008** and at this time is expected to take approximately **1-2 days**.

Respectfully Submitted:  February 1, 2008

/s/ Christopher E. Sanspree
Christopher E. Sanspree
SANSPREE & McRIGHT, LLC
603 Martha Street
Montgomery, Alabama 36104
Phone:  (334) 262-1001
Fax:     (334) 262-1002
E-mail: chris.sanspree@charter.net

/s/ Grace L. Kipp
Grace L. Kipp
Attorneys for United States Life
Insurance Company of America in the
City of New York
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Regions Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2602
Phone: (205) 254-1845
Fax:     (205) 254-1999
Email: gkipp@maynardcooper.com

 **AMERICAN GENERAL**

December 6, 2007

Ronald J. Herring, M.D.
3100 Lafayette Pkwy.
Opelika, Al 36801-2320

Re:    AMA-Sponsored Policy: G208475
       Certificate Number: 9500161094

Dear Mr. Herring:

We have completed our review of your claim for benefits under your disability policy. I am sorry to inform you, however, that we must deny your claim because of information we discovered during our investigation. If you have any questions, please feel free to call me at any time.

In applying for disability coverage, you completed a written application dated August 8, 2001. Based on that application, United States Life issued AMA-Sponsored Policy G208475, which became effective November 1, 2001. A copy of the application is enclosed. In response to your claim for disability benefits, we requested access to your medical records to process your claim. Those records revealed that you made several misrepresentations when completing your application including:

(1)    Question 2(I) asked: "Have you ever had or been treated for [m]ental or emotional problem[s] requiring [the] help of a physician or psychologist." You responded "no." Nevertheless, your medical records indicate that you have suffered from depression and anxiety for years, and have been treated with both counseling and various types of antidepressant drugs throughout your adult life. Accordingly, you had "been treated for [m]ental or emotional problem[s] requiring [the] help of a physician or psychologist" well before you made a representation to the contrary in your August 8, 2001 application.

(2)    Question 3 asked: "Have you ever had treatment by, or consultation with, any hospital, institution, physician or practitioner within the past 5 years." You answered "yes," and then as requested gave details of the treatments you received during that five-year period. You disclosed three events (a herniated disc, a lumbar fusion, and

**American General Life Companies, LLC**
AIG Benefit Solutions ℠

Distributing products issued by: AIG Life Insurance Company`, American General Assurance Company`,
American General Indemnity Company`, American General Life Insurance Company`,
American International Life Assurance Company of New York, Delaware American Life Insurance Company`
The United States Life Insurance Company in theCity of New York
*Member companies of American International Group, Inc.*

3600 Route 66 • Neptune, NJ 07753 • 732.922.7000 • www.aigbenefitsolutions.com
`This company does not solicit business in New York.



**EXHIBIT**

**A**

Page 2
AMA

two surgeries), but you failed to disclose that you suffered from,
and had undergone extensive testing and treatment for, Narcolepsy
since 1998. Furthermore, you admitted in a post-claim processing
form that your disability was Narcolepsy and that you were first
treated for the condition in 1998. Thus, your extensive medical
records and your own admission make clear that you failed to
disclose that you suffer from Narcolepsy and had suffered from the
condition for, at the very least, four years prior to completing your
application.

The application form contained an "Authorization and Declaration of
Person Giving a Statement of Insurability," which you agreed to by signing the
document. That declaration specifically stated: "[t]o the best of my knowledge
and belief, all the statements made above are true and complete," and "I
understand that this information will be used by United States Life to determine
eligibility for insurance." Additionally, there was an "Important Notice" just
above the signature block of the application which provided: "Any person who
knowingly and with intent to defraud any insurance company or other person files
a statement of claim containing any materially false information, or conceals for
the purpose of misleading, information concerning any fact material thereto,
commits a fraudulent insurance act, which may be a crime."

As evidenced by both the "Authorization and Declaration" and "Important
Notice," the questions asked on the application form were critical in determining
your insurability. Had our underwriters been aware of the reality of your medical
condition and medical history, United States Life would have declined to issue the
disability coverage. Although your policy contained a contestability clause,
which provided that "United States Life will not use a person's statements, except
for fraudulent misstatements, relating to his insurability to contest insurance after
it has been in force for 2 years during his life," your material misrepresentations
constitute fraudulent misstatements and fall outside the bounds of the clause.

In view of these misrepresentations, the company deems that no insurance
ever became effective and we must now void the policy as of the date it was
issued. We have enclosed a check payable to you in the amount of $13,513.54
which is a full refund of all premiums paid under the policy.

We have made this decision after a careful review of all the facts known to
us. If, however, there is other information or additional considerations that you
believe we should take into account, please send it to us, in writing, as soon as
possible. We will immediately reconsider our decision in light of this additional

Page 3
AMA

information and will respond to you as soon as possible. We realize that our
investigation has taken considerable time; however, we wanted to be thorough,
detailed, and accurate.

By pointing out this information, United States Life does not waive any
other right or defense it may have under the policy or under law. United States
Life reserves its rights to consider and rely upon additional facts and reasons,
known and unknown, as appropriate.

Please feel free to call or write if you have any questions. My direct phone
number is 732 922-7016.

Sincerely,

George Ashmore
Director Life & Disability Claims

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES LIFE INSURANCE COMPANY OF AMERICAN IN THE CITY OF NEW YORK,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **CASE NO: CV-1071** |
| **RONNIE JAMES HERRING, M.D.,** | ) ) | |
| **Defendant.** | ) ) | |

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Defendant, Ronnie James Herring, M.D., by and through undersigned counsel, and hereby submits his Answer to each numbered paragraphs set forth in Plaintiff's Complaint for Declaratory Judgment and in support thereof states the following:

1. Admitted to the best of Defendant's knowledge.

2. Admitted.

3. Admitted.

4. Admitted to the best of Defendant's knowledge.

5. Admitted.

6. Admitted to the best of Defendant's knowledge.

7. Admitted to the best of Defendant's knowledge.

8. Denied.

9. Denied.

10. Admitted to the best of Defendant's knowledge.

11. Denied and/or admitted as set forth above.



EXHIBIT
B

12.    Denied.

13.    Denied.

14.    Denied and/or admitted as set forth above.

15.    Admitted.

16.    Denied.

17.    Denied.

18.    Denied and/or admitted as set forth above.

19.    Denied.

20.    Denied.

21.    Denied.

The Defendant further denies the Plaintiff's unnumbered paragraph beginning with "Wherefore" and denies that the Plaintiff is entitled to any relief whatsoever in the above styled and numbered cause of action.

**Having answered the Plaintiff's Complaint, paragraph by paragraph, the Defendant would now affirmatively state:**

1.    That the above styled and numbered cause has been instituted by the Plaintiff in an attempt to avoid a legal obligation to pay insurance proceeds from an insurance policy taken out by the Defendant.  That the insurance policy is legally binding against the Plaintiff and there is a significant amount of money due to the Defendant in insurance proceeds.

2.    That the Plaintiff's cause of action has not been instituted in good faith, that the Plaintiff is seeking to avoid a debt and that the Defendant has had to incur attorney's fees and other expenses as a result of the Plaintiff's conduct.  As a result, the Defendant is

entitled to reasonable attorney's fees and other expenses.

3.      That the Defendant hereby respectfully reserves the right to amend this answer and set forth additional legal and/or equitable defenses to the above styled and numbered cause of action.

4.      That there were no material misrepresentations made by the Defendant in the procurement of said insurance policy(ies) as alleged by the Plaintiff.

## GENERAL DENIAL

Defendant denies each and every allegation not expressly denied herein and denies that Plaintiff is entitled to any recovery whatsoever.

## AFFIRMATIAVE DEFENSES

### FIRST DEFENSE

Venue is improper in this forum.

### SECOND DEFENSE

Plaintiff lacks standing to bring this action against Defendant.

### THIRD DEFENSE

Plaintiff did not reasonably rely on any alleged representations supposedly made by Defendant.

### FOURTH DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### FIFTH DEFENSE

Plaintiff's own negligence and/or wantonness caused and/or contributed to Plaintiff's alleged injuries.

## SIXTH DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the equitable "unclean hands" doctrine.

## EIGHTH DEFENSE

Plaintiff's claims are barred because Plaintiff assumed the risk.

## NINTH DEFENSE

Plaintiff's claims are due to be dismissed for lack of subject matter and/or diversity jurisdiction.

## TENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## COUNTERCLAIM ONE

1.    On or about November 1, 2001, Defendant entered into an insurance contract with the Plaintiff by purchasing and maintaining an "own occupation" disability insurance policy (Certificate No.: 9500161094) from Plaintiff in Lee County, Alabama, based upon the representation by the Plaintiff that said policy of insurance would provide insurance proceeds to the Defendant in the event the Defendant ever became disabled and unable to perform the duties of his "own occupation."

2.    Defendant reasonably relied upon the representations made by the Plaintiff and purchased and maintained said disability insurance policy from the Plaintiff.

3.    Defendant subsequently became disabled and unable to perform the duties of his "own occupation" and filed a claim for insurance benefits with the Plaintiff.

4

4.    On or about December 6, 2007, Plaintiff manufactured a reason not to pay Defendant's claim for insurance benefits and used said manufactured reason to deny Defendant's claim for disability insurance benefits.

5.    The representations made by the Plaintiff that Plaintiff would provide insurance proceeds to the Defendant in the event the Defendant ever became disabled and unable to perform the duties of his "own occupation" were false and Plaintiff knew they were false.

6.    As a proximate consequence of Plaintiff's conduct, Defendant was injured and damaged as follows:  Defendant paid premiums on a policy that was not as promised; Defendant lost the value of his premium payments; Defendant lost interest of his premium payments; Defendant does not have the policy of insurance that was promised to him; Defendant refrained from seeking other disability coverage that would have provided him with disability benefits in the event he became disabled; Defendant has suffered mental anguish and emotional distress and will continue to do so; and Defendant has otherwise been damaged.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNTERCLAIM TWO

7.    Defendant realleges all prior paragraphs of Counterclaim One as if set out here in full.

8.    At all times herein, Plaintiff failed to disclose to Defendant that said disability coverage insurance policy would not pay as promised and that Plaintiff would have to meet conditions other than the conditions set forth in the insurance policy before he would be entitled to insurance benefits.

9.    As a result of Plaintiff's failure to disclose the above stated facts and information,

Defendant changed his position and purchased said policy of insurance, began paying the necessary premiums to keep said policy in force and refrained from seeking other disability insurance coverage.

10.    As a proximate consequence of Plaintiff's failure to disclose information and facts about said insurance policy, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNTERCLAIM THREE

11.    Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

12.    At the aforesaid time and place, Plaintiff innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed the material information and facts.

13.    As a proximate consequence, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNTERCLAIM FOUR

14.    Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

15.    Plaintiff negligently and/or wantonly failed to procure the insurance coverage promised to Defendant.

6

16.    As a proximate consequence to Plaintiff's failure to procure the insurance promised, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

### COUNTERCLAIM FIVE

17.    Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

18.    Plaintiff breached its contract with Defendant.

19.    As a proximate consequence, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

### COUNTERCLAIM SIX

20.    Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

21.    At all times material herein, Plaintiff was under a duty to use good faith in handling Defendant's claim.

22.    Plaintiff has intentionally and in bad-faith failed and refused to pay benefits due under the above stated policy of insurance by manufacturing a reason not to pay said benefits.

23.    As a proximate consequence of Plaintiffs refusal to pay, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNTERCLAIM SEVEN

24.    Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

25.    Plaintiff has intentionally and in bad-faith failed to fully investigate Defendant's claim.

26.    As a proximate consequence of Plaintiff's refusal to pay, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## JURY DEMAND

### DEFENDANT HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

Respectfully submitted, this the 28th day of December, 2007.

//Christopher E. Sanspree//
CHRISTOPHER E. SANSPREE (SAN048)
Attorney for Plaintiff

8