## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

RECEIVED

2008 FEB 29  A 11: 54

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES LIFE INSURANCE COMPANY OF AMERICAN IN THE CITY OF NEW YORK, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) **CASE NO: CV-1071** |
| RONNIE JAMES HERRING, MD, | ) ) |
| Defendant. | ) |

### DEFENDANT/COUNTERCLAIM PLAINTIFF'S
### RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE

COMES NOW the Defendant/Counterclaim Plaintiff (Dr. Herring) and hereby responds to this Court's February 19, 2008 Show Cause Order as follows:

1.     Dr. Herring agrees with the Plaintiff/Counterclaim Defendant as it relates to the statements made and contained within its Response to this Court's February 19, 2008 Show Cause Order filed earlier this morning (February 29, 2008). A true and correct copy of the same is attached hereto as Exhibit "A".

2.     Dr. Herring attaches hereto as Exhibit "B" all filings made in the United States Bankruptcy Court for the Northern District of Alabama on behalf of Dr. Herring that were referenced in Plaintiff/Counterclaim Defendant's Response to this Court's February 19, 2008 Show Cause Order.

WHEREFORE, PREMISES CONSIDERED, Dr. Herring also respectfully requests a brief stay of the above styled proceedings instead of a dismissal.

1

CHRISTOPHER E. SANSPREE (SAN048)
Attorney for Dr. Herring

OF COUNSEL:

SANSPREE & McRIGHT, LLC
603 Martha Street
Montgomery, Alabama 36104
(334) 262-1001
(334) 262-1002 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all counsel for the Defendants as listed below by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this the 29th day of February, 2008.

Mr. Michael D. Mulvaney
Mr. Thomas J. Butler
Ms. Grace L. Kipp
MAYNARD, COOPER & GALE
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618

OF COUNSEL

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES LIFE INSURANCE COMPANY OF AMERICA IN THE CITY OF NEW YORK,** )<br>)<br>)<br>) | |
| **Plaintiff,** ) | |
| **v.** ) | **CV : 3:07-cv-01071-WKW** |
| **RONNIE JAMES HERRING, MD,** ) | |
| **Defendant.** ) | |

**PLAINTIFF/COUNTERCLAIM DEFENDANT UNITED STATES LIFE
INSURANCE COMPANY OF AMERICA IN THE CITY OF NEW YORK'S
RESPONSE TO COURT'S SHOW CAUSE ORDER**

United States Life Insurance Company of America in the City of New York

(U.S. Life) hereby respectfully responds to the Court's February 19, 2008 Show

Cause Order as follows:

1.     This action was filed by U.S. Life on December 7, 2007 in order to

obtain a judicial declaration that, based upon the material misrepresentations and

omissions made by Herring in his insurance policy application, U.S. Life was

entitled to rescind Policy Certificate Number 9500161094.

2.     On December 28, 2007, Herring filed a counterclaim asserting various

common-law claims including fraud, breach of contract and bad faith.



Case 3:07-cv-01071-WKW-SRW     Document 24     Filed 02/29/2008     Page 2 of 4

3.     Upon learning that Herring filed a petition of relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Alabama on February 8, 2008, U.S. Life promptly suggested to the Court that this action was automatically stayed pursuant to 11 U.S.C. § 362.

4.     On February 19, 2008, the Court entered an Order directing the parties to show cause why the action should not be dismissed without prejudice, to the parties' right to petition to reinstate the action.

5.     On February 26, 2008, in the bankruptcy proceeding, Herring filed a Motion to Convert Case to Chapter 13.

6.     On February 27, 2008, in the bankruptcy proceeding, Herring's current attorney filed an application to serve as Herring's attorney for the counterclaims asserted in the instant case.

7.     From all appearances, Herring's counsel is seeking to promptly obtain the appropriate relief in order to pursue the counterclaims pending in this action. As such, and for purposes of judicial economy and convenience of the parties, American General respectfully requests that the Court refrain from dismissing the case. A brief continuance of the stay instead of a dismissal should provide the parties with ample time to be in a position to continue the instant litigation without any party having to seek reinstatement or, if necessary, the time, cost and fees associated with other procedural steps.

Respectfully submitted by,

/s/ Thomas J. Butler
Michael D. Mulvaney
Thomas J. Butler
Grace L. Kipp
Attorneys for Plaintiff United States
Life Insurance Company of America
in the City of New York

OF COUNSEL
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203-2618

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon the following listed persons by Electronic Mail, this the 29th day of February, 2008.

Christopher E. Sanspree
SANSPREE & McRIGHT, LLC
603 Martha Street
Montgomery, Alabama 36104

/s/ Thomas J. Butler
OF COUNSEL

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**IN RE:**                                    **CHAPTER 7 CASE
NO.  08-00633-TBB7**

**RONALD JAMES HERRING
AND ELIZABETH JOHNSTON HERRING,**

      **Debtor.**


**APPLICATION FOR EMPLOYMENT OF PROFESSIONAL PERSON AND FOR
APPROVAL OF FEES**

    I, the undersigned counsel, respectfully submit the application for employment of professional persons pursuant to 11 U.S.C. §327 and Rule 2014 of the <u>Bankruptcy Rules of Procedure</u> and in support of said application states the following:

    The debtor desires to retain <u>Christopher E. Sanspree</u> of the firm of SANSPREE & McRIGHT, LLC, whose office is located at 603 Martha Street, Montgomery, Alabama, for the specific purpose of recovering money damages arising out of a cause of action filed as counterclaims by the debtor against United States Life Insurance Company of America in the City of New York. Attached hereto as Exhibit "A" is a true and correct copy of the debtor's answer and counterclaims raised and filed against United States Life Insurance Company of America in the City of New York in the United States District Court for the Middle District of Alabama, Eastern Division on or about December 28, 2007.   At the time the debtor's answer with counterclaims was filed, I,



EXHIBIT
B

Christopher E. Sanspree, was unaware that the debtor was contemplating filing for bankruptcy and would eventually file for bankruptcy on or about February 8, 2008. (Debtor Affidavit, Exhibit "B"). I, Christopher E. Sanspree, am duly licensed to practice law in United States District Courts for the Northern and Middle Districts of Alabama and was initially employed by the debtor to represent him in his lawsuit against United States Life Insurance Company of America in the City of New York and am familiar with the facts and legal issues and allegations involved in that case currently pending in the United States District Court for the Middle District of Alabama, Eastern Division. I, Christopher E. Sanspree, do not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Attached as Exhibit "C" and submitted hereto is an affidavit executed by Christopher E. Sanspree in support of this application pursuant to 11 U.S.C. §327 and Rule 2014 of The Bankruptcy Rules of Procedure. I, Christopher E. Sanspree, have no connections with the debtor, creditors, any parties in interest, the Bankruptcy Administrator, or the Trustee, other than with the representation of the debtor and upon granting of this application, the estate, in the representation of the estate in this action.

The debtor has signed a contract with the law firm of Sanspree & McRight, LLC for representation regarding the cause of action. The terms of the contract include 45% Contingency Fee, plus reimbursement of out-of-pocket expenses. No money has been paid to the attorney prior to the filing of this Application. The attorney understands he must make application to the Court for approval of her

fees and expenses; however, if there is no recovery, I acknowledge that the bankruptcy estate shall not be responsible for reimbursement of attorney's fees or for any out-of-pocket expenses.

WHEREFORE, the above premises considered, I move this Honorable Court to authorize the employment of Christopher E. Sanspree to represent the estate in the cause of action filed by the Debtor. Upon settlement or completion of the cause of action, I, Christopher E. Sanspree, will apply to the Court for approval of fees and expenses pursuant to 11 U.S.C. §326, 327, 328 and Rules 2014 and 2016 of The Bankruptcy Rules of Procedure.

Respectfully submitted this 27th day of February, 2008.

CHRISTOPHER E. SANSPREE (SAN048)

## CERTIFICATE OF SERVICE

I, Christopher E. Sanpsree, certify that I have served a copy of the foregoing APPLICATION TO EMPLOY PROFESSIONAL PERSON on the parties listed below by either electronic mail or placing same in the United States Mail, postage prepaid and properly addressed, this 27th day of February, 2008.

OF COUNSEL

Mr. Curtis C. Reding
Chapter 13 Trustee
166 Commerce St/Ste 202
PO Box 173
Montgomery, AL 36101-0173

Ms. Teresa R. Jacobs
Bankruptcy Administrator
U.S. Bankruptcy Court
One Church Street
Montgomery AL  36104

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES LIFE INSURANCE )
COMPANY OF AMERICAN IN THE )
CITY OF NEW YORK, )
            )
       Plaintiff, )
            )
vs. )       CASE NO: CV-1071
            )
RONNIE JAMES HERRING, M.D., )
            )
       Defendant. )

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Defendant, Ronnie James Herring, M.D., by and through undersigned counsel, and hereby submits his Answer to each numbered paragraphs set forth in Plaintiff's Complaint for Declaratory Judgment and in support thereof states the following:

    1.     Admitted to the best of Defendant's knowledge.

    2.     Admitted.

    3.     Admitted.

    4.     Admitted to the best of Defendant's knowledge.

    5.     Admitted.

    6.     Admitted to the best of Defendant's knowledge.

    7.     Admitted to the best of Defendant's knowledge.

    8.     Denied.

    9.     Denied.

    10.    Admitted to the best of Defendant's knowledge.

    11.    Denied and/or admitted as set forth above.



EXHIBIT
A

12.    Denied.

13.    Denied.

14.    Denied and/or admitted as set forth above.

15.    Admitted.

16.    Denied.

17.    Denied.

18.    Denied and/or admitted as set forth above.

19.    Denied.

20.    Denied.

21.    Denied.

The Defendant further denies the Plaintiff's unnumbered paragraph beginning with "Wherefore" and denies that the Plaintiff is entitled to any relief whatsoever in the above styled and numbered cause of action.

**Having answered the Plaintiff's Complaint, paragraph by paragraph, the Defendant would now affirmatively state:**

1.    That the above styled and numbered cause has been instituted by the Plaintiff in an attempt to avoid a legal obligation to pay insurance proceeds from an insurance policy taken out by the Defendant.  That the insurance policy is legally binding against the Plaintiff and there is a significant amount of money due to the Defendant in insurance proceeds.

2.    That the Plaintiff's cause of action has not been instituted in good faith, that the Plaintiff is seeking to avoid a debt and that the Defendant has had to incur attorney's fees and other expenses as a result of the Plaintiff's conduct.  As a result, the Defendant is

2

entitled to reasonable attorney's fees and other expenses.

3.      That the Defendant hereby respectfully reserves the right to amend this answer
and set forth additional legal and/or equitable defenses to the above styled and numbered
cause of action.

4.      That there were no material misrepresentations made by the Defendant in the
procurement of said insurance policy(ies) as alleged by the Plaintiff.

## GENERAL DENIAL

Defendant denies each and every allegation not expressly denied herein and denies that
Plaintiff is entitled to any recovery whatsoever.

## AFFIRMATIAVE DEFENSES

### FIRST DEFENSE

Venue is improper in this forum.

### SECOND DEFENSE

Plaintiff lacks standing to bring this action against Defendant.

### THIRD DEFENSE

Plaintiff did not reasonably rely on any alleged representations supposedly made by
Defendant.

### FOURTH DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### FIFTH DEFENSE

Plaintiff's own negligence and/or wantonness caused and/or contributed to Plaintiff's
alleged injuries.

## SIXTH DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the equitable "unclean hands" doctrine.

## EIGHTH DEFENSE

Plaintiff's claims are barred because Plaintiff assumed the risk.

## NINTH DEFENSE

Plaintiff's claims are due to be dismissed for lack of subject matter and/or diversity jurisdiction.

## TENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## COUNTERCLAIM ONE

1.    On or about November 1, 2001, Defendant entered into an insurance contract with the Plaintiff by purchasing and maintaining an "own occupation" disability insurance policy (Certificate No.: 9500161094) from Plaintiff in Lee County, Alabama, based upon the representation by the Plaintiff that said policy of insurance would provide insurance proceeds to the Defendant in the event the Defendant ever became disabled and unable to perform the duties of his "own occupation."

2.    Defendant reasonably relied upon the representations made by the Plaintiff and purchased and maintained said disability insurance policy from the Plaintiff.

3.    Defendant subsequently became disabled and unable to perform the duties of his "own occupation" and filed a claim for insurance benefits with the Plaintiff.

4

4.    On or about December 6, 2007, Plaintiff manufactured a reason not to pay Defendant's claim for insurance benefits and used said manufactured reason to deny Defendant's claim for disability insurance benefits.

5.    The representations made by the Plaintiff that Plaintiff would provide insurance proceeds to the Defendant in the event the Defendant ever became disabled and unable to perform the duties of his "own occupation" were false and Plaintiff knew they were false.

6.    As a proximate consequence of Plaintiff's conduct, Defendant was injured and damaged as follows:  Defendant paid premiums on a policy that was not as promised; Defendant lost the value of his premium payments; Defendant lost interest of his premium payments; Defendant does not have the policy of insurance that was promised to him; Defendant refrained from seeking other disability coverage that would have provided him with disability benefits in the event he became disabled; Defendant has suffered mental anguish and emotional distress and will continue to do so; and Defendant has otherwise been damaged.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

### COUNTERCLAIM TWO

7.    Defendant realleges all prior paragraphs of Counterclaim One as if set out here in full.

8.    At all times herein, Plaintiff failed to disclose to Defendant that said disability coverage insurance policy would not pay as promised and that Plaintiff would have to meet conditions other than the conditions set forth in the insurance policy before he would be entitled to insurance benefits.

9.    As a result of Plaintiff's failure to disclose the above stated facts and information,

5

Defendant changed his position and purchased said policy of insurance, began paying the necessary premiums to keep said policy in force and refrained from seeking other disability insurance coverage.

10.    As a proximate consequence of Plaintiff's failure to disclose information and facts about said insurance policy, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNTERCLAIM THREE

11.    Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

12.    At the aforesaid time and place, Plaintiff innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed the material information and facts.

13.    As a proximate consequence, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNTERCLAIM FOUR

14.    Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

15.    Plaintiff negligently and/or wantonly failed to procure the insurance coverage promised to Defendant.

6

16.    As a proximate consequence to Plaintiff's failure to procure the insurance promised, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

### COUNTERCLAIM FIVE

17.    Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

18.    Plaintiff breached its contract with Defendant.

19.    As a proximate consequence, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

### COUNTERCLAIM SIX

20.    Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

21.    At all times material herein, Plaintiff was under a duty to use good faith in handling Defendant's claim.

22.    Plaintiff has intentionally and in bad-faith failed and refused to pay benefits due under the above stated policy of insurance by manufacturing a reason not to pay said benefits.

23.    As a proximate consequence of Plaintiffs refusal to pay, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

7

## COUNTERCLAIM SEVEN

24.     Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

25.     Plaintiff has intentionally and in bad-faith failed to fully investigate Defendant's claim.

26.     As a proximate consequence of Plaintiff's refusal to pay, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.


## JURY DEMAND

**DEFENDANT HEREBY DEMANDS TRIAL BY JURY
ON ALL ISSUES OF THIS CAUSE.**



Respectfully submitted, this the 28th day of December, 2007.




    //Christopher E. Sanspree//
CHRISTOPHER E. SANSPREE (SAN048)
Attorney for Plaintiff

8

OF COUNSEL:

**SANSPREE & McRIGHT, LLC**
603 Martha Street
Montgomery, Alabama 36104
(334) 262-1001
(334) 262-1002 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all counsel for the Defendants as listed below by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this the 28th of **December, 2007.**

Mr. Michael D. Mulvaney
Mr. Thomas J. Butler
Ms. Grace L. Kipp
**MAYNARD, COOPER & GALE**
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618

                                 //Christopher E. Sanspree//
                                 OF COUNSEL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:                                    CHAPTER 7 CASE
                                          NO. 08-00633-TBB7

RONALD JAMES HERRING
AND ELIZABETH JOHNSTON HERRING,

    Debtors.

### AFFIDAVIT OF RONNIE JAMES HERRING

STATE OF ALABAMA          )

COUNTY OF MONTGOMERY    )

    Before me, the undersigned, a Notary Public in and for the State of Alabama at Large, personally appeared Ronnie James Herring who is known to me and being by me first duly sworn, on oath deposes and says as follows:

    My name is Ronnie James Herring. I am a resident of Lee County, Alabama. I reside at 3100 LaFayette Parkway, Opelika, AL 36801. I failed to inform my attorneys in the above styled lawsuit that I was filing a petition for bankruptcy or that I had filed a petition for bankruptcy on or about February 8, 2008 in the United States Bankruptcy Court, Northern District of Alabama. I also failed to inform my bankruptcy attorney that the above styled lawsuit was pending in the United States District Court for the Middle District of Alabama, Eastern Division. Attached hereto is an application for employment

1



recently filed with the United States Bankruptcy Court, Northern District of Alabama informing the same of the above styled pending lawsuit and requesting the same to employ my attorneys to pursue the above styled matter on behalf of the bankruptcy estate.

I understand that this Affidavit may be used in the case of *Dr. Ronnie James Herring v. United States Life Insurance Company of America in the City of New York.* Case Number CV-07-1071.

The above statement is true and accurate to the best of my knowledge.


_____
RONNIE JAMES HERRING



Sworn to and subscribed before me this __27__ day of February, 2008.


_____
NOTARY PUBLIC
My Commission Expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Feb 16, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

CHAPTER 7 CASE
NO. 08-00633-TBB7

RONALD JAMES HERRING
AND ELIZABETH JOHNSTON HERRING,

    Debtor.

STATE OF ALABAMA
COUNTY OF <u>MONTGOMERY</u>

AFFIDAVIT IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF
PROFESSIONAL PERSON FOR A SPECIFIC PURPOSE

Before me the undersigned authority, a notary public, in and for said state and county, personally appeared Christopher E. Sanspree, who, being duly sworn by me, deposes and says under oath as follows:

My name is Christopher E. Sanspree and I am presently employed with SANSPREE & McRIGHT, LLC, whose office is located at 603 Martha Street, Montgomery, Alabama. I am an attorney duly admitted to the practice of law in the State of Alabama. I was hired by the debtor to represent him regarding causes of action against United States Life Insurance Company of America in the City of New York and an answer and counterclaims were filed against the same on the debtor's behalf or about December 28, 2007. Attached hereto as Exhibit "A" is a true and correct copy of said filing filed in the United States District Court for the Middle District of Alabama, Eastern

1



Division.  At the time of the filing, I was unaware that the debtor was contemplating and would eventually file for bankruptcy on or about February 8, 2008.  (Debtor Affidavit, Exhibit "B").  The terms of my representation with the debtor are for compensation on a 45% percent contingency fee, plus reimbursement of out-of-pocket expenses.  A copy of my contract with the debtor is attached hereto as Exhibit "C" and is incorporated herein by reference.  If there is no recovery in the debtor's claim against United States Life Insurance Company of America in the City of New York, the undersigned acknowledges the bankruptcy estate shall not be responsible for payment of any attorneys fees or for the reimbursement of any out-of-pocket expenses.  To date, I have not received any compensation from the debtor or any other entity in connection with my representation.  I do not represent or hold any interest adverse to the debtor or the estate with respect to the matter upon which I am seeking to be employed.I have no connection with the Trustee, creditors, Bankruptcy Administrator, or any other parties in interest, the debtor, or their respective attorneys, other than with the representation of the debtor and the estate in the lawsuit for which I am applying for my employment as an attorney for this specific purpose.

The facts as stated herein are true and correct in all cases where I have personal knowledge and other remaining facts and opinions are true and correct according to the best of my knowledge, information and belief.  I understand that upon completion of this case, by settlement or otherwise, that I must make separate application for the approval of my fees and expenses pursuant to 11 U.S.C. §326, 327, 328 and Rules 2014 and 2016 of The Bankruptcy Rules of Procedure.

CHRISTOPHER E. SANSPREE (SAN048)

**STATE OF ALABAMA**
**COUNTY OF MONTGOMERY**

Sworn to and submitted before me on this the _27th_ day of February, 2008.

E. Kidd

Notary Public
My Commission expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Sept 26, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

UNITED STATES LIFE INSURANCE )
COMPANY OF AMERICAN IN THE )
CITY OF NEW YORK, )
         )
   **Plaintiff,**    )
         )
vs.         )  **CASE NO: CV-1071**
         )
RONNIE JAMES HERRING, M.D., )
         )
   **Defendant.**    )

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Defendant, Ronnie James Herring, M.D., by and through undersigned

counsel, and hereby submits his Answer to each numbered paragraphs set forth in Plaintiff's

Complaint for Declaratory Judgment and in support thereof states the following:

  1.  Admitted to the best of Defendant's knowledge.

  2.  Admitted.

  3.  Admitted.

  4.  Admitted to the best of Defendant's knowledge.

  5.  Admitted.

  6.  Admitted to the best of Defendant's knowledge.

  7.  Admitted to the best of Defendant's knowledge.

  8.  Denied.

  9.  Denied.

  10.  Admitted to the best of Defendant's knowledge.

  11.  Denied and/or admitted as set forth above.



EXHIBIT
A

12.    Denied.

13.    Denied.

14.    Denied and/or admitted as set forth above.

15.    Admitted.

16.    Denied.

17.    Denied.

18.    Denied and/or admitted as set forth above.

19.    Denied.

20.    Denied.

21.    Denied.

The Defendant further denies the Plaintiff's unnumbered paragraph beginning with "Wherefore" and denies that the Plaintiff is entitled to any relief whatsoever in the above styled and numbered cause of action.

**Having answered the Plaintiff's Complaint, paragraph by paragraph, the Defendant would now affirmatively state:**

1.    That the above styled and numbered cause has been instituted by the Plaintiff in an attempt to avoid a legal obligation to pay insurance proceeds from an insurance policy taken out by the Defendant.  That the insurance policy is legally binding against the Plaintiff and there is a significant amount of money due to the Defendant in insurance proceeds.

2.    That the Plaintiff's cause of action has not been instituted in good faith, that the Plaintiff is seeking to avoid a debt and that the Defendant has had to incur attorney's fees and other expenses as a result of the Plaintiff's conduct.  As a result, the Defendant is

2

entitled to reasonable attorney's fees and other expenses.

3.      That the Defendant hereby respectfully reserves the right to amend this answer and set forth additional legal and/or equitable defenses to the above styled and numbered cause of action.

4.      That there were no material misrepresentations made by the Defendant in the procurement of said insurance policy(ies) as alleged by the Plaintiff.

## GENERAL DENIAL

Defendant denies each and every allegation not expressly denied herein and denies that Plaintiff is entitled to any recovery whatsoever.

## AFFIRMATIAVE DEFENSES

### FIRST DEFENSE

Venue is improper in this forum.

### SECOND DEFENSE

Plaintiff lacks standing to bring this action against Defendant.

### THIRD DEFENSE

Plaintiff did not reasonably rely on any alleged representations supposedly made by Defendant.

### FOURTH DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### FIFTH DEFENSE

Plaintiff's own negligence and/or wantonness caused and/or contributed to Plaintiff's alleged injuries.

3

## SIXTH DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the equitable "unclean hands" doctrine.

## EIGHTH DEFENSE

Plaintiff's claims are barred because Plaintiff assumed the risk.

## NINTH DEFENSE

Plaintiff's claims are due to be dismissed for lack of subject matter and/or diversity jurisdiction.

## TENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## COUNTERCLAIM ONE

1.      On or about November 1, 2001, Defendant entered into an insurance contract with the Plaintiff by purchasing and maintaining an "own occupation" disability insurance policy (Certificate No.: 9500161094) from Plaintiff in Lee County, Alabama, based upon the representation by the Plaintiff that said policy of insurance would provide insurance proceeds to the Defendant in the event the Defendant ever became disabled and unable to perform the duties of his "own occupation."

2.      Defendant reasonably relied upon the representations made by the Plaintiff and purchased and maintained said disability insurance policy from the Plaintiff.

3.      Defendant subsequently became disabled and unable to perform the duties of his "own occupation" and filed a claim for insurance benefits with the Plaintiff.

4

4.      On or about December 6, 2007, Plaintiff manufactured a reason not to pay Defendant's claim for insurance benefits and used said manufactured reason to deny Defendant's claim for disability insurance benefits.

5.      The representations made by the Plaintiff that Plaintiff would provide insurance proceeds to the Defendant in the event the Defendant ever became disabled and unable to perform the duties of his "own occupation" were false and Plaintiff knew they were false.

6.      As a proximate consequence of Plaintiff's conduct, Defendant was injured and damaged as follows:  Defendant paid premiums on a policy that was not as promised; Defendant lost the value of his premium payments; Defendant lost interest of his premium payments; Defendant does not have the policy of insurance that was promised to him; Defendant refrained from seeking other disability coverage that would have provided him with disability benefits in the event he became disabled; Defendant has suffered mental anguish and emotional distress and will continue to do so; and Defendant has otherwise been damaged.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNTERCLAIM TWO

7.      Defendant realleges all prior paragraphs of Counterclaim One as if set out here in full.

8.      At all times herein, Plaintiff failed to disclose to Defendant that said disability coverage insurance policy would not pay as promised and that Plaintiff would have to meet conditions other than the conditions set forth in the insurance policy before he would be entitled to insurance benefits.

9.      As a result of Plaintiff's failure to disclose the above stated facts and information,

5

Defendant changed his position and purchased said policy of insurance, began paying the necessary premiums to keep said policy in force and refrained from seeking other disability insurance coverage.

10.     As a proximate consequence of Plaintiff's failure to disclose information and facts about said insurance policy, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNTERCLAIM THREE

11.     Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

12.     At the aforesaid time and place, Plaintiff innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed the material information and facts.

13.     As a proximate consequence, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNTERCLAIM FOUR

14.     Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

15.     Plaintiff negligently and/or wantonly failed to procure the insurance coverage promised to Defendant.

6

16.    As a proximate consequence to Plaintiff's failure to procure the insurance promised, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

### COUNTERCLAIM FIVE

17.    Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

18.    Plaintiff breached its contract with Defendant.

19.    As a proximate consequence, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

### COUNTERCLAIM SIX

20.    Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

21.    At all times material herein, Plaintiff was under a duty to use good faith in handling Defendant's claim.

22.    Plaintiff has intentionally and in bad-faith failed and refused to pay benefits due under the above stated policy of insurance by manufacturing a reason not to pay said benefits.

23.    As a proximate consequence of Plaintiffs refusal to pay, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

7

## COUNTERCLAIM SEVEN

24.     Defendant realleges all prior paragraphs of the Counterclaims as if set out here in full.

25.     Plaintiff has intentionally and in bad-faith failed to fully investigate Defendant's claim.

26.     As a proximate consequence of Plaintiff's refusal to pay, Defendant was injured and damaged as set forth above.

WHEREFORE, Defendant demands judgment against Plaintiff in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.


### JURY DEMAND

**DEFENDANT HEREBY DEMANDS TRIAL BY JURY
ON ALL ISSUES OF THIS CAUSE.**


Respectfully submitted, this the 28th day of December, 2007.


        //Christopher E. Sanspree//
        CHRISTOPHER E. SANSPREE (SAN048)
        Attorney for Plaintiff


8

OF COUNSEL:

**SANSPREE & McRIGHT, LLC**
603 Martha Street
Montgomery, Alabama 36104
(334) 262-1001
(334) 262-1002 facsimile


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing upon all counsel for the Defendants as listed below by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this the 28th of **December, 2007.**


Mr. Michael D. Mulvaney
Mr. Thomas J. Butler
Ms. Grace L. Kipp
**MAYNARD, COOPER & GALE**
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL  35203-2618


<u>//Christopher E. Sanspree//</u>
OF COUNSEL

9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:                                          CHAPTER 7 CASE
                                                NO. 08-00633-TBB7

RONALD JAMES HERRING
AND ELIZABETH JOHNSTON HERRING,

    Debtors.


AFFIDAVIT OF RONNIE JAMES HERRING

STATE OF ALABAMA               )

COUNTY OF MONTGOMERY           )

    Before me, the undersigned, a Notary Public in and for the State of Alabama at

Large, personally appeared Ronnie James Herring who is known to me and being by me

first duly sworn, on oath deposes and says as follows:

    My name is Ronnie James Herring. I am a resident of Lee County, Alabama. I

reside at 3100 LaFayette Parkway, Opelika, AL 36801. I failed to inform my attorneys

in the above styled lawsuit that I was filing a petition for bankruptcy or that I had filed a

petition for bankruptcy on or about February 8, 2008 in the United States Bankruptcy

Court, Northern District of Alabama. I also failed to inform my bankruptcy attorney that

the above styled lawsuit was pending in the United States District Court for the Middle

District of Alabama, Eastern Division. Attached hereto is an application for employment

1



recently filed with the United States Bankruptcy Court, Northern District of Alabama informing the same of the above styled pending lawsuit and requesting the same to employ my attorneys to pursue the above styled matter on behalf of the bankruptcy estate.

I understand that this Affidavit may be used in the case of *Dr. Ronnie James Herring v. United States Life Insurance Company of America* in the City of New York. Case Number CV-07-1071.

The above statement is true and accurate to the best of my knowledge.

RONNIE JAMES HERRING

Sworn to and subscribed before me this ___27___ day of February, 2008.

E. Kidd

NOTARY PUBLIC
My Commission Expires:

NOTARY PUBLIC STATE OF ALABAMA AT ...
MY COMMISSION EXPIRES: ...
BONDED THRU NOTARY PUBLIC UNDERWRITERS

2

STATE OF ALABAMA          )

COUNTY OF MONTGOMERY     )

## <u>CONTINGENCY FEE EMPLOYMENT CONTRACT</u>

The undersigned (hereinafter referred to as "Clients") hereby employ Sanspree & McRight, 603 Martha Street, Montgomery, Alabama 36104, to represent **RONNIE JAMES HERRING.** Client gives and grants unto Sanspree & McRight the right and authority to do and perform all acts that Sanspree & McRight may consider proper in connection with the handling of this matter.

In payment for their services in this matter, Client agrees to pay Sanspree & McRight a fee based upon a sum equal to 45% of the net recovery.

All out-of-pocket expenses incurred by Sanspree & McRight in connection with the handling of this matter, including interest on any money Sanspree & McRight borrows for expenses, shall be deducted from the gross recovery by Sanspree & McRight with the balance to be the "net amount" referred to above. If no recovery is made, there will be no fee or expenses due to Sanspree & McRight who shall be solely responsible for all such expenses.

It is expressly understood that Sanspree & McRight has made no promises of success or guarantees regarding the outcome of the case to Clients. Sanspree & McRight has explained the risks that are a necessary part of litigation. Client fully understands that such risks exist. Sanspree & McRight may, after further investigation of the merits of this claim, cancel this contract of employment by mailing notice to the Client. In such event, there will be no charge for services rendered or expenses incurred by Sanspree & McRight.

Client hereby grants Sanspree & McRight a limited power of attorney to endorse the Client's names to any checks or drafts received by Sanspree & McRight in settlement of any and



EXHIBIT

C

all claims pursued by Sanspree & McRight on behalf of Clients.  Such settlement funds shall be placed in trust for Client's benefit.

It is understood that Sanspree & McRight may associate other law firms to assist in handling Client's claims.

DATED: December 26, 2007.

_____
**RONNIE JAMES HERRING**


Accepted:

**SANSPREE & MCRIGHT**

By: _____

**File a Motion:**

08-00633-TBB7 Ronald James Herring and Elizabeth Johnston Herring

| | | |
|---|---|---|
| Type: bk | Chapter: 7 v | Office: 2 (Birmingham) |
| Judge  TBB | Assets: n | Case Flag: DebtEd, MEANSNO, NTCAPR |

**U.S. BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ALABAMA**

*Notice of Electronic Filing*

*The following transaction was received from Dunaway, Matthew A entered on 2/27/2008 at 5:09 PM CST and filed on 2/27/2008*

Case Name:       Ronald James Herring and Elizabeth Johnston Herring
Case Number:      08-00633-TBB7
Document Number:16

Docket Text:
Application to Employ Christopher E. Sanspree as Attorney for Debtors for cause of action filed as counterclaims by the debtor against United States Life Insurance Company of America Filed by Joint Debtor Elizabeth Johnston Herring, Debtor Ronald James Herring (Attachments: # (1) Affidavit) (Dunaway, Matthew)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filenameC:\Documents and Settings\Elizabeth\My Documents\ECF NEW\Herring, Ronnie & Libby\ek-application.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=1043685241 [Date=2/27/2008] [FileNumber=10286680-
0] [9c4ee1ba0d45e1aa44f6e088a72f9d0561e23896e[ecbd618923eb76c20d96c2f4
25477ccf76d34f87f1f61d87c23a53a243bb4981f76333f25a0f7b4c67912c]]
Document description:Affidavit
Original filenameC:\Documents and Settings\Elizabeth\My Documents\ECF NEW\Herring, Ronnie & Libby\ek-affidavit.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=1043685241 [Date=2/27/2008] [FileNumber=10286680-
1] [b7230a2103520f9c17e5eec2a8687f7ad0c7c25a313ef32d2f2b724a94cea3b289
83a992da19d5039e1459890219aa5c[fa21650614a94949ef976c9dbd4a4c9]]

**08-00633-TBB7 Notice will be electronically mailed to:**

Matthew A Dunaway     elizabeth@matthewdunaway.com,
matt@matthewdunaway.com;dunaway.aclg@gmail.com;birminghambankruptcy@gmail.com;birminghambankruptcy@yahoo.com;dunawayva1@gmail.com;dunawayva1@yahoo.co

James G Henderson     jhenderson@epiqtrustee.com, jhenderson@ecf.epiqsystems.com

**08-00633-TBB7 Notice will not be electronically mailed to:**

Compass Bank (Real Estate/Other) Department
C/O Ascension Capital Group
P O Box 201347
Arlington, Tx 76006