IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES LIFE INSURANCE COMPANY OF AMERICA IN THE CITY OF NEW YORK, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV : 3:07-cv-01071-WKW |
| RONNIE JAMES HERRING, MD, | ) ) | |
| Defendant. | ) ) | |

## REVISED REPORT OF PARTIES' PLANNING MEETING

1.     Pursuant to Fed.R.Civ.P. 26(f) and this Court's July 9, 2008 Order, a planning meeting was held on **July 18, 2008** by phone with the following parties participating in said planning meeting:

>   David P. Donahue on behalf of Plaintiff United States Life Insurance Company of America in the City of New York (U.S. Life); and Christopher E. Sanspree on behalf of Defendant Ronnie James Herring, M.D.

2.     **Pre-discovery Disclosures**: The parties will exchange the information required by Fed.R.Civ.P 26(a)(1) on or before **August 15, 2008**.

01576724.1

3.    **General Claims/Defenses**: The general claims and defenses of the parties are as follows:

        a.    U.S. Life asserts that it rightfully rescinded Defendant's disability insurance policy based on multiple omissions and misrepresentations made on his application for insurance. Defendant materially and fraudulently misrepresented his medical condition on his application, failing to disclose, among other things, that he has suffered from and been treated for Narcolepsy since at least 1998—three years prior to applying for the insurance policy at issue. Thus, at the time he applied for coverage, Defendant was fully aware that he had Narcolepsy—the alleged disabling condition. U.S. Life detrimentally relied on Defendant's fraudulent representations regarding his health when it issued the policy. Therefore, rescission was proper.

        b.    Defendant denies that Plaintiff U.S. Life rightfully denied Defendant's claim for disability benefits and rescinded Defendant's disability insurance policy with the Plaintiff and denies any omissions or making any misrepresentations on Defendant's insurance policy application. (Denial letter, Exhibit "A"). Defendant denies that he made any material and/or fraudulent misrepresentations regarding his medical conditions or that he failed to disclose that he suffers from Narcolepsy. Defendant denies that Plaintiff U.S. Life detrimentally and/or reasonably relied on any alleged fraudulent misrepresentations regarding Plaintiff's health conditions. Defendant asserts, among other things, that Plaintiff U.S. Life made material misrepresentations and suppressed material facts regarding Defendant's insurance coverage he was purchasing, fraudulently suppressed conditions precedent to payment of benefits, breached its insurance contract with the Defendant and wrongfully and in bad faith denied Defendant's claim for disability benefits. (Answer, Exhibit "B")

4.    **Discovery Plan**: Plaintiff and Defendant jointly propose to the court the following discovery plan.

        a.    **Topics**: Discovery will be needed on the following subjects:

01576724.1

     (i.)    The allegations and claims of Plaintiff's Complaint and Defendant's counterclaims;

     (ii.)   All alleged damages;

     (iii.)  All defenses raised in this matter.

b.     All discovery will be commenced in time to be completed by **January 23, 2009**.

c.     **Electronically Stored Information**: The parties do not reasonably anticipate that discovery of electronically stored information will be available and/or sought in this case. Disclosure or discovery of any such information will be handled in accordance with the Federal Rules of Civil Procedure.

d.     Maximum of **30** interrogatories, including subparts, by each party to any other party without prior approval of the Court. Maximum of **30** requests for production, including subparts, by each party to any other party without prior approval of the Court. Maximum of **30** requests for admission, including

subparts, by each party to any other party with prior approval of the Court. (Responses due **30** days after service).[1]

e.    Maximum of **5** depositions by Plaintiff and **5** depositions for Defendants without prior approval of the Court. Each deposition is limited to a maximum of **8** hours unless extended by agreement of the parties.

f.    Reports from retained experts under Rule 26(a)(2) due:

   (i.)    from **Plaintiff** by November 14, 2008

   (ii.)   from **Defendant** by December 19, 2008

g.    Supplementation under Rule 26(e) due immediately upon obtaining knowledge of the discoverable information but no later than **90 days** before trial.

5.    **Other items.**

a.    The parties do not request a conference with the Court prior to entry of the Scheduling Order.

b.    The parties should be allowed until **October 17, 2008** to join additional parties and to amend the pleadings, and until

---

[1] The parties agree that the thirty-day response period for Defendant's First Set of Interrogatories and Request for Production, served on Plaintiff January 10, 2008, will begin to run upon the filing of this report.

**November 17, 2008** to respond to any above-mentioned amendments.

c.    All potentially dispositive motions should be filed by **February 27, 2009**.

d.    The parties are currently in the early stages of settlement negotiations. The parties may seek the Court's assistance with mediation if settlement negotiations fail.

e.    The Parties request a final pretrial conference **30 days** after the Court rules on any dispositive motions.

f.    Final lists of trial evidence under Rule 26(a)(3), both witnesses and exhibits, should be due from Plaintiff and Defendant **30 days** prior to trial.

g.    Parties should have **14** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

h.    This case should be ready for trial by **March 2009** and at this time is expected to take approximately **1-2 days**.

Respectfully Submitted:  July 18, 2008

/s/ Christopher E. Sanspree
Christopher E. Sanspree
SANSPREE & McRIGHT, LLC
603 Martha Street

01576724.1

5

Montgomery, Alabama 36104
Phone: (334) 262-1001
Fax:    (334) 262-1002
E-mail: chris.sanspree@charter.net

/s/ David P. Donahue
David P. Donahue
Attorneys   for   United   States   Life
Insurance Company of America in the
City of New York
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Regions Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2602
Phone: (205) 254-1845
Fax:    (205) 254-1999
Email: ddonahue@maynardcooper.com

01576724.1