IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES LIFE INSURANCE COMPANY OF AMERICA IN THE CITY OF NEW YORK, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )    CV : 3:07-cv-01071-WKW<br>)<br>RONNIE JAMES HERRING, MD, )<br>)<br>Defendant. ) | |

**REPLY MEMORANDUM OF LAW IN REPLY IN SUPPORT OF
<u>RENEWED MOTION TO DISMISS</u>**

Plaintiff United States Life Insurance Company of America in the City of New York ("U.S. Life"), through its undersigned counsel, submits this reply memorandum in further support of its renewed motion to dismiss Defendant's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). As grounds for this motion, U.S. Life shows unto the Court as follows:

**I.    Defendant's Counterclaims for Fraud and Suppression are Due to be Dismissed, or, at Minimum, Repled.**

Defendants are clearly trying to turn this case into something that it is not. The crux of this case is whether U.S. Life is entitled to rescind the policy at issue based upon a material misrepresentation made by Defendant of which U.S. Life

was not aware at the time of underwriting. It is simply not a fraud case. Plaintiff's half-hearted attempt to turn it into a fraud case should not be allowed.

### A. The general rule is that an alleged breach of contract does not give rise to a remedy in tort.

After becoming bound by a contract, subsequent events can, <u>but as a general rule do not</u>, give rise to a remedy in tort. *See C & C Prods., Inc., v. Premier Indus. Corp.*, 275 So. 2d 124, 130 (Ala. 1974). Failed expectations as to performance of a contract usually result in only a remedy for breach of contract. *Id.* ("A mere failure to perform a contract obligation is not a tort, and it furnishes no foundation for an action on the case."). **Thus, a party experiencing a failure to perform a contract in the typical situation cannot characterize the other party's promise to perform as a misrepresentation and thereby convert the action to one based upon a tort of fraud.** *See Exxon Mobile Corp. v. Alabama Dept. of Conservation and Natural Resources*, 2007 WL 3224585 (Ala. 2007)(J. Lyons, concurring)(emphasis added).

At best, then, each of Defendant's fraud-based counterclaims[1] is actually one for promissory fraud. That is, Defendants must prove all of the traditional elements of fraud plus allege and prove that at the time the statements were made, the defendant had the intention not to perform the act promised and possessed and

---

[1] Defendant's counterclaims numbered one through four are collectively referred to herein as "Defendant's fraud-based counterclaims."

2

intent to deceive. *See Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So. 2d 1143, 1160 (Ala. 2003). Further, the mere act of failing to perform the promised act <u>is not</u> by itself sufficient evidence of a fraudulent intent for the purpose of a promissory fraud claim. *See Byrd v. Lamar*, 846 So. 2d 334, 343 (Ala. 2002).

In this case, it is clear that Defendants are improperly trying to turn the question of the enforceability of the underlying contract into claims for fraud and suppression. Even if given the benefit of the doubt that they are actually pursuing claims for promissory fraud, their counterclaims and Response to Motion to Dismiss do not come close to meeting their burden. They have not and cannot allege any facts supporting the requirement that they prove that U.S. Life not only denied their claim for benefits but also had the <u>intention at the outset</u> to do so. In truth, Defendant's own failure to truthfully and honestly complete his application for insurance led to the underlying claims decision. Because Defendant's fraud based counterclaims do not state a claim upon which relief can be granted, Rule 12 (b)(6) requires that they be dismissed.

### B. Because Defendant's fraud-based counterclaims do not comply with the conditions of Rule 9, they are due to be dismissed. In the alternative, Defendant should be ordered to replead.

In raising his fraud-based counterclaims, Defendant must disclose precisely what allegedly fraudulent statements were made, when they were made, where

3

they were made, and who made them. *See Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002). None of this information is included in Defendant's Answer. Defendant's response brief has done nothing to remedy this deficiency. It is completely bereft of the level of detail required by Rule 9. There is no indication of what "representations" were even made, much less who made them, when they were made and how they were false. U.S. Life has no way of meaningfully responding to the allegations of this counterclaim. Accordingly, Defendant's fraud-based counterclaims should be dismissed with prejudice, or at the very least Defendant should be required to file a more definite statement.

## CONCLUSION

U.S. Life asks this Court to dismiss all counterclaims raised by Defendant. Each individual counterclaim is due to be dismissed as Defendant has failed to state a claim upon which relief can be granted. In the alternative, Defendant should be required to replead his fraud-based counterclaims so that the requirements of Rule 9 are met.

WHEREFORE, PREMISES CONSIDERED, Plaintiff U.S. Life prays that this Court dismiss all of Defendant's counterclaims against it with prejudice and enter judgment in favor of U.S. Life.

                                      Respectfully submitted,

                                      /s/ David P. Donahue  
                                      Michael D. Mulvaney  
                                      David P. Donahue  
                                      Attorneys for Plaintiff United States  
                                      Life Insurance Company of America  
                                      in the City of New York

OF COUNSEL  
Maynard, Cooper & Gale, P.C.  
1901 Sixth Avenue North  
2400 Regions Harbert Plaza  
Birmingham, Alabama 35203-2618  
ph. (205) 254-1000  
fax (205) 254-1999

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon the following listed persons by Electronic Mail, this the 25th day of August, 2008.

**Christopher E. Sanspree**
**SANSPREE & McRIGHT, LLC**
**603 Martha Street**
**Montgomery, Alabama 36104**

/s/ David P. Donahue
OF COUNSEL